IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID CHRISTOPHER KLINGENSMITH,

        Plaintiff,

    v.

TILLAMOOK DISTRICT ATTORNEYS OFFICE;
TILLAMOOK CITY POLICE; OFFICER
BARTLETT; TILLAMOOK COUNTY COUNSEL;
OFFICER BARNETT; TILLAMOOK COUNTY
LIBRARIES; JESSICA CHARLTON;
TILLAMOOK MASONIC LODGE; BILL
SARGENT; TILLAMOOK ELKS CLUB;
DEBRA GROVER; DAVID GROVER; DAVID
GROVER, JR.; WILLIAM PORTER;
JACQUELLINS WIRTH; WINDSOR
APARTMENTS; and DANIEL GILSON,

        Defendants.

Case No. 3:17-cv-00818-AC

ORDER TO DISMISS

MOSMAN, Chief Judge.

Plaintiff, who is currently incarcerated at the Oregon State Hospital for an aid and assist

evaluation, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered

1 - ORDER TO DISMISS -

by the Court this date, Plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed.

## BACKGROUND

Plaintiff commences his Complaint with a 25-page narrative statement concerning events which allegedly began in October 2015 and culminated in Plaintiff's arrest in Tillamook County in March 2017. Plaintiff alleges a vast conspiracy among private individuals and Tillamook County law enforcement personnel to hack into Plaintiff's personal electronic devices and to repeatedly set Plaintiff up for criminal charges, for which he was eventually arrested. Plaintiff then goes on to allege three separate "claims," each of which consists of a one-page narrative statement.

First, Plaintiff alleges his due process rights were violated because his criminal defense attorney has failed to preserve exculpatory evidence and has otherwise provided ineffective assistance. Second, Plaintiff alleges he was subjected to an unlawful arrest and seizure because arresting Officers Bartlett and Barnett did not have probable cause to arrest him. Third, Plaintiff alleges the criminal proceedings against him have the "force and effect of a *de facto* bad faith prosecution."

In the caption of his Complaint, Plaintiff identifies the Officers involved in his arrest as well as the Tillamook County District Attorney, along with numerous private individuals and entities who factor into the 25-page narrative statement. By way of remedy, Plaintiff seeks only an order enjoining Tillamook County District Attorney William Porter from prosecuting criminal charges against Plaintiff.

## STANDARDS

Where a prisoner proceeding *in forma pauperis* files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court determines that:

> (B)     the action . . .
>
>> (i)   is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

In order to state a claim, a plaintiff's complaint must contain sufficient factual allegations which, when accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

As the Ninth Circuit has instructed however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this Court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I.    Procedural Deficiencies

Pursuant to Fed. R. Civ. P. 8(a), a complaint shall include a "short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, "[e]ach averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e). If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored). Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff's Complaint is neither short nor plain. Instead of providing specific allegations in support of each of his claims, Plaintiff instead has set forth a narrative of events covering a period of one and a half years. The factual elements of Plaintiff's claims are scattered throughout his

4 - ORDER TO DISMISS -

narrative statement. Because Plaintiff has failed to comply with the requirements of Rule 8, the Complaint must be dismissed.

## II.    Substantive Deficiencies

In addition to the procedural defects noted above, Plaintiff's Complaint suffers substantive deficiencies. As noted, the only relief sought by Plaintiff is an order enjoining the Tillamook County District Attorney from prosecuting Plaintiff on unspecified criminal charges. Federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). The *Younger* abstention doctrine requires that a district court dismiss a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted).

All of the *Younger* criterial appear to be satisfied here. According to Plaintiff's Complaint the criminal proceedings against him are ongoing, they involve a criminal prosecution that implicates important state interests, and there is nothing to indicate that Plaintiff cannot raise in his criminal case the federal claims he seeks to raise here, or that there is a danger of great and immediate irreparable harm. Accordingly, it appears this action would unduly interfere with the state criminal proceeding in a way disapproved by *Younger*.

Moreover, to the extent Plaintiff's claims may be liberally construed as claims for money damages or relief other than enjoining his ongoing criminal prosecution, Plaintiff cannot succeed on the merits of his claim. First, *Younger* abstention also applies to federal civil actions requesting money damages where the ongoing state action is a criminal prosecution. *Martinez v. Newport*

*Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) (citing *Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986)), *overruled on other grounds by Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001). Moreover, any claim for money damages is premature under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 486-87. Because Plaintiff has not yet been convicted, let along had his conviction invalidated, any claim for damages on the grounds alleged by Plaintiff is premature.

<strong><u>CONCLUSION</u></strong>

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint is DISMISSED. Plaintiff shall have 30 days from the date of this Order to file an Amended Complaint curing the deficiencies noted above. Plaintiff is advised that failure to file an Amended Complaint within the time provided shall result in the dismissal of this action.

IT IS SO ORDERED.

DATED this ___ day of June, 2017.

Michael W. Mosman
Chief District Judge

6 - ORDER TO DISMISS -